(No. 81-CV-1024—)

*In re* APPLICATION OF EDWARD MCCLAIN.

*Order filed September 17, 1981.*

EDWARD MCCLAIN, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on April 2, 1981. Edward McClain, father of the deceased victim, Charles McClain, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This court has carefully considered the application for benefits submitted on June 10, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substan-

tiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on April 2, 1981, the victim was shot by an off-duty Chicago police officer after he had burglarized a tavern at 1249 E. 78th Street, Chicago, Illinois. Two off-duty officers were in the tavern when the victim was observed quickly exiting the premises after coming out of a room designated for employees only. The bartender then observed that the room had been burglarized and the two officers gave pursuit to the victim. They eventually observed the victim in an alley behind the tavern. When one of the officers announced his office, the victim produced a gun and fired one shot at the officer. The officer fired several shots at the victim, fatally wounding him. The victim was taken to Jackson Park Hospital where he was pronounced dead on arrival. After an investigation of the incident, the State's Attorney's office recommended that no charges be filed against the officer. The Chicago police department classified the incident as justifiable homicide.

2. That the Claimant seeks compensation for funeral expenses only. The Claimant was not dependent upon the victim for support.

3. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his involvement in the burglary of the tav-

ern and his attempts to shoot the police officer who was attempting to apprehend him.

5. That without addressing the merits of other issues raised in the investigatory report, the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

It is hereby ordered that this claim be, and is hereby denied.